KIMBERLY P. STEIN, ESQ.
Nevada Bar No. 8675
Email: kps@fdlawlv.com
FLANGAS LAW GROUP
3275 South Jones Boulevard, Suite 105
Las Vegas, NV 89146
Telephone: (702) 307-9500
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BLITZ NV, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>INTERACTIVE GAMES TECHNOLOGIES INC. formerly i3 INTERACTIVE INC.<br><br>          Defendant. | Case No:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY DEMAND** |

Plaintiff, Blitz NV, LLC ("Blitz" or "Plaintiff"), by and through its attorneys, for its complaint against Interactive Games Technologies Inc. formerly i3 Interactive Inc. ("i3" or "Defendant"), alleges as follows:

### NATURE OF ACTION AND RELIEF SOUGHT

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

### PARTIES

2. Blitz is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. i3 is, and has been at all times relevant to this lawsuit, a corporation incorporated under the British Columbia Business Corporations Act.

4. i3 is the owner of the Internet domain name <i3company.com> (the "Domain"), and the content accessible through the Domain (said content accessible

through the Domain and the Domain itself known herein as the "Website").

5.     On information and belief, i3 and/or it principals further own or control the domain name <blitzpoker.com> and the content accessible through that domain name.

6.     On information and belief, i3 and/or its principals further own or control other domain names using "blitz" including <blitzbet.eu>, and <blitzbet.com>.

## JURISDICTION AND VENUE

7.     This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

8.     Blitz is the owner of the copyrights for visual material of the Goat Skull,"

Registration Number / Date: VA0002141891 / 2019-03-11 and "Goat Skull Ignite,) Registration Number / Date: VA0002171807 / 2019-07-22: (collectively, "Copyrights").

9.     The Goat Skull design relates to Blitz's principal, who is domiciled in Nevada, who is personally known by that symbol.

10.    The Goat Skull Ignite design relates to Blitz's licensee, Ignite International, Ltd.

11.    Upon information and belief, i3 is in the business of providing its customers with on-line gaming products through a blend of skill-based games and games of chance through websites it owns or controls. In particular, at all times relevant to this lawsuit, as part of its Brands page of its Website, i3 uses a version of the Goat Skull to market and sell its Blitzbet and Blitzpoker games.

12.    At all times relevant to this lawsuit, i3's Website has utilized Blitz's Copyrights and/or a derivative thereof.

13.    At all times relevant to this lawsuit, i3's knew that the Website incorporated the Copyrights which belonged to Blitz.

14. Each time a U.S. user of the Website (a website directed to the United States) accesses the Blitzpoker page the logo is displayed here in the United States; therefore, by promoting those sites to customers in the United States, i3 is committing infringement here in the United States.

15. Moreover, i3's use of the Copyrights was and is purposefully directed at Nevada residents. Its use of the Copyrights and designs associates i3 with Blitz's principal, located in Nevada, and was an attempt to gain the online gaming customers in Nevada, thereby causing Blitz and its principal harm.

16. This Court has personal jurisdiction over i3 because, upon information and belief, i3 has established minimum contacts with this forum and further, i3 has substantial, continuous, and systemic contacts with the State of Nevada.

17. Thus, this Court has both general and specific personal jurisdiction over i3.

18. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because, upon information and belief, a substantial part of the events giving rise to Blitz's claims occurred in this District and because i3 is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

19. Blitz incorporates by reference paragraphs 1 to 18 as if fully set forth herein.

20. Blitz is the owner of the Copyrights.

21. On March 11, 2019, the United States Copyright Office (the "USCO") granted Blitz the registration to the Goat Skull, copyright registration number VA0002141891, as evidenced by copyright registration certificate attached hereto as Exhibit 1.

22. On July 22, 2019, the USCO granted Blitz the registration to the Goat Skull Ignite, copyright registration number Goat Skull Ignite, Registration Number VA0002171807, as evidenced by the copyright registration certificate attached hereto as

Exhibit 2.

23. The version of the Goat Skull displayed by i3, ⛧, is a derivative work, based on the Copyright, created for and owned by Blitz, and is the current version of the Goat Skull used by Blitz and its principal.

24. The Copyright Office determined that the derivative work displayed by i3 was so similar to the original version of the Goat Skull, that the derivative work was not separately registerable.

25. i3 established its Website on August 26, 2019 and upon information and belief has been utilizing the Copyrights since that time or at least since August 27, 2020 when it updated the Website starting at that time.

26. i3's predecessor company, Blitzbet Sports, Inc. previously entered into an agreement with Blitz's principal in and around November 6, 2018 (the "Social Media Influencer Agreement"); however, never entered into an agreement with Blitz.

27. i3 defaulted on the Social Media Influencer Agreement, and after an attempt to bring the Social Media Influencer Agreement in good standing with a new master agreement (the "Letter Agreement") in and around April 1, 2020, with another entity of i3, Influencers Interactive Inc.

28. i3 also defaulted on the Letter Agreement. The Letter Agreement also made no reference to the Copyrights and/or Blitz.

29. i3 has not been granted permission, in any manner, to reproduce, display or otherwise exploit the Copyrights by Blitz. Any implied right to use the Copyrights was terminated.

**CLAIM FOR RELIEF**

**(Copyright Infringement)**

30. Blitz incorporates by reference paragraphs 1 to 29 as if fully set forth herein.

31. Blitz holds the exclusive right to reproduce the Copyrights and derivative

works based thereon, pursuant to 17 U.S.C. § 106(1).

32. Blitz holds the exclusive right to prepare and use derivative works based upon the Copyrights and derivative works based thereon, pursuant to 17 U.S.C. § 106(2).

33. Blitz holds the exclusive right to distribute copies of the Copyrights and derivative works based thereon pursuant to 17 U.S.C. § 106(3).

34. Blitz holds the exclusive right to publicly display the Copyrights and derivative works based thereon, pursuant to 17 U.S.C. § 106(5).

35. i3 reproduced derivative works based on the Copyright in derogation of Blitz's exclusive rights under 17 U.S.C. § 106(1).

36. i3 reproduced created an unauthorized derivative of the Copyrights in derogation of Blitz's exclusive rights under 17 U.S.C. § 106(2).

37. i3 distributed, and continues to distribute, an unauthorized reproduction of the Copyrights and derivative works based thereon on the Website, in derogation of Blitz's exclusive rights under 17 U.S.C. § 106(3).

38. i3 publicly displayed, and continues to publicly display, an unauthorized reproduction of the Copyrights and derivative works based thereon on the Website, in derogation of Blitz's exclusive rights under 17 U.S.C. § 106(5).

39. i3 has continued to distribute, display, perform and otherwise use the Copyrights and derivative works based thereon despite objections by Blitz.

40. i3 willfully engaged, and continues to engage, in the copyright infringement of the Copyrights.

41. i3's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Blitz in an amount Blitz cannot ascertain, leaving Blitz with no adequate remedy at law.

42. Unless Defendant is preliminarily and permanently enjoined from further infringement of the Copyrights, Blitz will be irreparably harmed, and Blitz is thus entitled to preliminary and permanent injunctive relief against further infringement by the

Defendants of the Copyrights pursuant to 17 U.S.C. § 502.

43. As a result of their wrongful conduct, Defendant is liable to Blitz for copyright infringement pursuant to 17 U.S.C. § 501. Blitz has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill. Blitz is entitled to recover damages, which include its losses and any and all profits Defendant has made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, Blitz is entitled to statutory damages under 17 U.S.C. § 504(c).

44. In addition, because Defendant's infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

45. Blitz is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**PRAYER FOR RELIEF**

WHEREFORE, Blitz prays that the Court enter judgment in its favor as follows:

A. Preliminarily and permanently enjoin and restrain i3, and its officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under i3, from directly or indirectly infringing the Copyrights by reproducing the Copyrights or derivative works based thereon, preparing derivative works based on the Copyrights, distributing the Copyrights or derivative works based thereon to the public, and/or displaying the Copyrights or derivative works based thereon, or ordering, directing, participating in, or assisting in any such activity;

B. Direct i3 to preserve, retain, and deliver to Blitz in hard copies or electronic copies:

a. All evidence and documentation relating in any way to i3's use of the Copyrights or any derivative work based thereon, in any form, including, without limitation, all such evidence and documentation relating to the Website;

b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendant has communicated regarding i3's use of the Copyrights; and

c. All financial evidence and documentation relating to i3's use of the Copyrights and derivative works based thereon;

C. Direct the Direct parties hosting the websites displaying the Copyrights or derivative works based thereon to take down all web pages displaying or using such images;

D. Award Blitz i3's actual profits, or statutory damages (as elected by Blitz after discovery), for the willful infringement of the Copyrights, pursuant to 17 U.S.C. § 504(c);

E. Award Blitz costs, disbursements, and attorneys' fees incurred by Blitz in bringing this action, pursuant to 17 U.S.C. § 505;

F. Award Blitz pre- and post-judgment interest in accordance with applicable law; and

G. Grant Blitz such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Blitz requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this 13th day of October, 2021

**FLANGAS LAW GROUP**

*/s/ Kimberly P. Stein*
KIMBERLY P. STEIN, ESQ. (NBN 8675)
E-mail: kps@fdlawlv.com
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
Telephone: (813) 229-4241
*Attorneys for Plaintiff*