1
2
3
4                    UNITED STATES DISTRICT COURT
5                        DISTRICT OF NEVADA
6                              * * *
7    BLITZ NV, LLC,                        Case No. 2:21-CV-1890 JCM (DJA)
8                       Plaintiff(s),                    ORDER
9          v.
10   INTERACTIVE GAMES TECHOLOGIES,
     INC.,
11
12                      Defendant(s).

13
14         Presently   before   the   court   is   defendant   Interactive   Games   Technologies   Inc.
15   ("defendant")'s motion to dismiss plaintiff Blitz NV, LLC ("plaintiff")'s complaint.  (ECF No.
16   12).  Plaintiff filed a response (ECF No. 16), to which defendant replied (ECF No. 19).
17         Also before the court is plaintiff's motion for leave to supplement its response.  (ECF No.
18   20).  Defendant filed a response (ECF No. 22), to which plaintiff replied (ECF No. 23).
19         Also before the court is defendant's motion to strike that supplement.  (ECF No. 25).
20   Plaintiff filed a response (ECF No. 26), to which defendant replied (ECF No. 27).
21   **I.    Background**
22         Defendant is a Canadian entity that, as relevant here, operates three websites: (1)
23   i3company.com  (the  "i3  website"),  (2)  blitzpoker.com  ("Blitzpoker"),  and  (3)  blitzbet.com
24   ("Blitzbet").  (ECF No. 1).  Blitzpoker and Blitzbet offering gambling opportunities to customer
25   located in Canada and India, and the products on those sites are not available to users in any
26   other county.  (*Id.*)  The i3 website is an informational website that gives an overview of
27   defendant's various businesses.  (*Id.*)
28

**James C. Mahan**
**U.S. District Judge**

In November 2018, defendant entered into an agreement with plaintiff's principal, Dan Bilzerian, in which Bilzerian agreed to promote defendant's products.  (*Id.*)  This agreement allowed defendant to use Bilzerian's intellectual property in connection with its brands.  (*Id.*)  In particular, defendant was allegedly given permission to use a copyright-protected design the parties refer to as the "goat skull," which Bilzerian uses as his personal logo.  (*Id.*)  Defendant used the goat skull design to promote its websites and its association with Bilzerian.  (*Id.*)

In December 2020, the agreement was terminated.  (*Id.*)  Defendant removed the goat skull design from its websites.  (ECF No. 12 at 11).  Several months later, in April 2021, Bilzerian sued defendant in Canada, alleging breach of contract and unjust enrichment stemming from defendant's use of the goat skull design.  (*Id.*)  Plaintiff—who owns the goat skull copyright but was not a party to the original agreement—subsequently brought the instant suit in October 2021 alleging that defendant's display of the goat skull logo infringed its copyright in the design. (ECF No. 1).  Defendant now moves to dismiss plaintiff's complaint.  (ECF No. 12).

## II.   Legal Standard

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction.  *See* Fed. R. Civ. P. 12(b)(2).  To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations establish a *prima facie* case for personal jurisdiction.  *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Allegations in the complaint must be taken as true, and factual disputes should be construed in the plaintiff's favor.  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Personal jurisdiction is a two-prong analysis.  First, an assertion of personal jurisdiction must comport with due process.  *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012).  Next, "[w]hen no federal statute governs personal jurisdiction, the district court applies the law of the forum state."  *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  However, Nevada's "long-arm" statute applies to the full extent permitted by the due process clause, so the inquiry is the same, and the court need only address federal due process standards.  *See Arbella Mut. Ins. Co. v. Eighth*

1    *Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also*

2    *Boschetto*, 539 F.3d at 1015.

3          Two categories of personal jurisdiction exist: (1) general jurisdiction and (2) specific

4    jurisdiction.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15

5    (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

6          "[T]he place of incorporation and principal place of business are paradigm bases for

7    general jurisdiction."  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (quotation marks and citation

8    omitted).  A court may also assert general jurisdiction over a defendant when the plaintiff shows

9    that "the defendant has sufficient contacts that approximate physical presence."  *In re W. States*

10    *Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks

11    and citations omitted).  In other words, the defendant's affiliations with the forum state must be

12    so "continuous and systematic" so as to render the defendant essentially "at home" in that forum.

13    *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  General jurisdiction is appropriate even

14    if the defendant's continuous and systematic ties to the forum state are unrelated to the litigation.

15    *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing

16    *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414–16).

17          Alternatively, the Ninth Circuit has established a three-prong test for analyzing an

18    assertion of specific personal jurisdiction:

19    (1) The non-resident defendant must purposefully direct his
activities or consummate some transaction with the forum or
20    resident thereof; or perform some act by which he purposefully
avails himself of the privilege of conducting activities in the
21    forum, thereby invoking the benefits and protections of its laws;

22

23    (2) the claim must be one which arises out of or relates to the
defendant's forum-related activities; and
24

25

26    (3) the exercise of jurisdiction must comport with fair play and
substantial justice, *i.e.*, it must be reasonable.

27
*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).
28

**James C. Mahan**
**U.S. District Judge**

1    The Ninth Circuit treats purposeful availment and purposeful direction as separate

2    methods of analysis.  *Wash. Shoe Co.* 704 F.3d at 672.  Purposeful availment is for suits

3    sounding in contract, whereas purposeful direction is for suits sounding in tort.  *Schwarzenegger*,

4    374. F.3d at 802 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

5    **III.   Discussion**

6        A.  Motions to Supplement and Strike

7    As an initial matter, the court denies plaintiff's motion to supplement its response.  The

8    press release plaintiff seeks to provide as a supplement is dated December 2, 2021, four days

9    *after* defendant filed the instant motion to dismiss.  *See* (ECF Nos. 1; 20).  Defendant's delay in

10   discovering what it terms as "highly relevant" information does not constitute good cause when

11   that information had been publicly available for nearly three weeks by the time plaintiff filed its

12   opposition.  *See* (ECF No. 20).

13   Moreover, the press release is irrelevant.  It states that defendant "announced its strategy

14   to enter the US market," months after defendant ceased its alleged infringement.  (*Id.*)  While

15   defendant may now seek to enter the US market, this press release provides no evidence that

16   defendant had any interest in the US market at the time of the conduct at issue.  The court thus

17   denies plaintiff's motion to supplement for lack of good cause, and it further denies defendant's

18   motion to strike that supplement as moot.

19       B.  Motion to Dismiss

20   The parties concede that there is no general personal jurisdiction.  Therefore, the court

21   considers only specific jurisdiction.

22   "Copyright and trademark infringement claims, which sound in tort" are subject to the

23   purposeful direction analysis.  *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir.

24   2020).  Under the purposeful direction analysis, to satisfy the first prong of specific personal

25   jurisdiction, the defendant must have "(1) committed an intentional act, (2) expressly aimed at

26   the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum

27   state."  *Wash Shoe Co.*, 704 F.3d at 673 (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647

28   F.3d 1218, 1228 (9th Cir. 2011) (internal quotation marks omitted)).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Defendant asserts that because the websites on which the allegedly infringing material was posted are passive—that is, they simply display information rather than allowing customers to exchange information with the business—there must be "something more" than the website being available in the jurisdiction to confer specific jurisdiction. (ECF No. 12 at 18–19). Plaintiff asserts that the websites are not passive, and that defendant's failure to provide an alternative forum subjects it to this court's jurisdiction under Federal Rule of Civil Procedure 4(k)(2). (ECF No. 16 at 12–13).

Posting a passive website in the forum state is insufficient to confer personal jurisdiction. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419–20 (9th Cir. 1997). Rather, "something more" is required to show that a defendant purposefully directed its conduct in a substantial way to the forum state. *Id.* at 418. To satisfy the "something more" element in a copyright claim, this court has required "express aiming" at the forum state. *See JoshCo Tech, LLC v. Does 1–4*, No. 2:20-cv-521-JCM-EJY, 2020 WL 6273897, at *5 (D. Nev. Oct. 26, 2020).

There is no evidence that defendant's websites were expressly aimed at Nevada. Products on Blitzbet and Blitzpoker are not available to residents of Nevada or any other state, even if the website is technically accessible in the US. Likewise, the i3 website, even though accessible to Nevada residents, is entirely passive and does not direct its activities meaningfully toward Nevada. It provides only information about i3 and does not solicit any information from the user.

"Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed." *Id.* (quoting *Mavrix Photo*, 647 F.3d at 1231). Plaintiff has failed to make a prima facie showing that defendant directed its website toward Nevada or any other state. Therefore, this court has no specific jurisdiction over defendant.

Alternatively, plaintiff claims Federal Rule of Civil Procedure 4(k)(2) confers jurisdiction since defendant failed to specify an alternative forum. (ECF No. 16 at 13). Under Rule 4(k)(2), the plaintiff must prove: (1) the claim at issue arises from federal law; (2) the defendants are not subject to any state's courts of general jurisdiction; and (3) invoking jurisdiction upholds due

1    process (namely, that jurisdiction is not unreasonable). *See, e.g.*, *Lang Van, Inc. v. VNG*

2    *Corporation*, 40 F.4th 1034, 1041 (9th Cir. 2022). Satisfaction of the third prong requires that

3    defendant's activities have been purposefully directed at the United States. *Pebble Beach Co. v.*

4    *Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006). Analysis of the third prong under Rule 4(k)(2) is

5    the same as the general "effects" test for personal jurisdiction, except it focuses on contacts with

6    the United States as a whole, rather than on contacts with the forum state. *Id.* Defendant bears

7    the burden of proving jurisdiction is unreasonable. *Lang Van*, 40 F.4th at 1041.

8        Since products on Blitzbet and Blitzpoker are not available to any US resident and the i3

9    website is wholly passive, Rule 4(k)(2) is inapplicable. Defendant has done nothing to expressly

10    aim its products at the United States. Indeed, at the time of the conduct in question, defendant

11    did not do business in the United States at all. Therefore, it does not comport with the principles

12    of due process to subject defendant to jurisdiction under Rule 4(k)(2). *See Pebble Beach*, 543

13    F.3d at 1159. This court finds that it lacks personal jurisdiction over defendant and thus grants

14    its motion to dismiss.

15    **IV.**    **Conclusion**

16        Accordingly,

17        IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to

18    dismiss (ECF No. 12) be, and the same hereby is, GRANTED.

19        IT IS FURTHER ORDERED that plaintiff's motion for leave to supplement (ECF No.

20    20) be, and the same hereby is, DENIED.

21        IT IS FURTHER ORDERED that plaintiff's motion to strike (ECF No. 25) be, and the

22    same hereby is, DENIED as moot.

23        DATED September 30, 2022.

24

25    UNITED STATES DISTRICT JUDGE

26

27

28

James C. Mahan
U.S. District Judge